## SUPREME COURT.

### Robb agt. Jewell.

Where a new trial is granted on application of the defendant, a copy of the order must be served on the plaintiff's attorney before the defendant can move for a dismissal of the complaint, for not proceeding to trial.   Otherwise, where a new trial is granted on motion of the plaintiff.

*Albany Special Term, November* 1851.   This was a motion to dismiss the complaint, under rule 23.

J. Bruyn, *for Defendant.*

J. Hardenburgh, *for Plaintiff.*

Robb agt. Jewell.

PARKER, Justice.—The defendant moves for a dismissal of the complaint, on the ground that the plaintiff neglected to bring this cause to trial at the Ulster circuit, held on the 27th of last October.

It appears by the affidavits that this cause was tried at the Ulster circuit in April 1850, when judgment was recovered by the plaintiff. The defendant appealed and judgment was reversed, and a new trial ordered at general term in September last. The defendant's attorney states in his affidavit that more than twenty days before the circuit, he served on the plaintiff's attorney a copy of the order granting a new trial. The plaintiff's attorney swears that no such paper was served on him. On the evidence before me, therefore, the defendant has failed to establish the service of the order.

It was decided in Jackson vs. Wilson (9 *John. R.* 265), that where a verdict is set aside and a new trial granted on motion of the defendant, a copy of the rule must be served on the plaintiff's attorney before the defendant can move for non suit for not proceeding to trial. But where the new trial is granted on the plaintiff's motion, he must proceed to trial without notice from the defendant, or he may be nonsuited (Jackson vs. Johnson, 7 *Cowen,* 419). I see no reason for changing this practice under the Code. The service of a copy of the order being therefore necessary in this case, and it not being affirmatively shown to have been served, the defendant is not in a situation to move for a dismissal of the complaint.

The defendant also seeks to sustain this motion on the ground that the plaintiff is a *feme covert,* and has not sued by guardian. Conceding that the affidavits and notice are properly framed to raise this question, which is at least doubtful, yet, it appearing by the opposing affidavits that the same question has been before raised on motion and decided against the defendant, this motion can not be sustained on that ground.

This motion must, therefore, be denied, with $10 costs.